1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10   DARRIEL PHILLIPS,                )   No. CV 05-2766-PJW
                                      )
11              Plaintiff,            )
                                      )
12              v.                    )   MEMORANDUM OPINION AND ORDER
                                      )
13   JO ANNE B. BARNHART,             )
     Commissioner of the             )
14   Social Security Administration, )
                                      )
15              Defendant.            )
     _____)

16

17                              I.

18                         INTRODUCTION

19        Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and

20   1383(c), seeking reversal of the decision by Defendant Social Security

21   Administration ("the Agency") denying him Supplemental Security Income

22   ("SSI") benefits.  Alternatively, he asks the Court to remand the case

23   to the Agency for further proceedings.  After reviewing the record and

24   for the reasons discussed below, the Court AFFIRMS the Agency's

25   decision and dismisses the case with prejudice.

26

27

28

II.

SUMMARY OF FACTS AND PROCEEDINGS

Plaintiff was born in the United States on July 2, 1953, and was, at the time of the hearing, 50 years old.  (AR 53.)  He is a high school graduate and thereafter completed six months of carpentry school.  (AR 196, 202.)  He worked from 1986 to 1991 as a contractor, painter, and carpenter.  (AR 100.)

In May 2001, Plaintiff filed an application for SSI benefits. (AR 55-57.)  In a Disability Report he submitted at that time, Plaintiff indicated that he could read English, with the notation "little" next to the box he marked, and that he could write more than his name.  (AR 64.)  An Agency interviewer later noted that Plaintiff was unable to read the application and required her assistance.  (AR 76.)  In August 2001, the Agency denied Plaintiff's application for benefits.  (AR 39-43.)

In January 2002, Plaintiff filed another application for SSI. (AR 60-62.)  In the Disability Report he filed with that application, he indicated that he could read English, with the notation "but not good."  (AR 91.)  He also indicated that he could not write more than his name.  (AR 91.)  The Agency again denied Plaintiff's application. (AR 44-48.)  Plaintiff filed a Request for Hearing and the matter proceeded to a hearing before an Administrative Law Judge ("ALJ") on September 10, 2003.  (AR 193-203.)  Plaintiff testified at the hearing, describing his daily activities and medical conditions.  (AR 196-199, 202.)  A vocational expert also testified.  At the end of the hearing, Plaintiff's attorney argued that Plaintiff was only capable of sedentary work and, therefore, should "grid out," meaning he would automatically be found to be disabled.  (AR 202.)

2

1    On December 5, 2003, the ALJ issued a decision denying benefits.

2  (AR 31.)   At step one, the ALJ determined that Plaintiff had not

3  worked since the alleged onset of his medical conditions.  (AR 30.)

4  At step two, he found that Plaintiff had the following severe

5  impairments: hypertension, gouty arthritis, peptic ulcer disease,

6  obesity, and Type II diabetes mellitus.  (AR 24.)   The ALJ concluded

7  that none of these impairments met or equaled a Listing.   At step

8  three, the ALJ concluded that Plaintiff's conditions limited him to

9  "light" work.  (AR 30.)   After determining that Plaintiff had no past

10 relevant work, the ALJ referred to the Medical-Vocational Guidelines

11 (the "Grids") and found that Plaintiff was not disabled.[1]  (AR 30-31.)

12 Plaintiff filed an appeal with the Appeals Council, which denied

13 Plaintiff's request for review.  (AR 6-9.)

14                              III.

15                      STANDARD OF REVIEW

16    "Disability" under the applicable statute is defined as the

17 inability to perform any substantial gainful activity because of "any

18 medically determinable physical or mental impairment which can be

19 expected to result in death or which has lasted or can be expected to

20 last for a continuous period of not less than twelve months."   42

21 U.S.C. § 1382c(a)(3)(A).  The Court may overturn the ALJ's decision

22 that a claimant is not disabled only if the decision is not supported

23

24

_____

25    [1]  The Grids set forth criteria to aid the ALJ in reaching a
26 conclusion as to whether an individual is or is not disabled.   They
   consist of three tables, each representing a different exertional
27 capacity: sedentary, light, and medium work.  The Grids also take into
   consideration a claimant's age, education, and work experience.   *See*
28 20 C.F.R. Part 404, Subpart P, Appendix 2.

1    by substantial evidence or is based on legal error.  *See Magallanes v.*
2    *Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

3         Substantial evidence "'means such relevant evidence as a
4    reasonable mind might accept as adequate to support a conclusion.'"
5    *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consol. Edison*
6    *Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  It is "more than a mere
7    scintilla but less than a preponderance," *Tidwell v. Apfel*, 161 F.3d
8    599, 601 (9th Cir. 1998), and "does not mean a large or considerable
9    amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

10        "The Court must uphold the ALJ's conclusion even if the evidence
11   in the record is susceptible to more than one rational interpreta-
12   tion." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th
13   Cir. 1999).  Indeed, if the record evidence can reasonably support
14   either affirming or reversing the Agency's decision, this Court must
15   not substitute its judgment for that of the ALJ.  *See Tackett v.*
16   *Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the ALJ committed
17   error but the error was harmless, reversal is not required.  *See*
18   *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir.
19   2004)(applying the harmless error standard).

20                              IV.

21                          DISCUSSION

22        The ALJ concluded that Plaintiff had no relevant past work
23   experience and could perform light work.  The ALJ presumed that
24   Plaintiff was literate--based on the fact that he graduated from high
25   school--and concluded, therefore, that he could work.

26        Plaintiff claims that he is illiterate and argues that the ALJ
27   erroneously relied on his high school diploma as evidence of his
28   literacy.  (Joint Stipulation ("Joint Stip.") at 4.)  Plaintiff argues

                                    4

1  that, because he is illiterate, can only do light work, and has no
2  relevant past work, the Grids mandate a finding of disabled.  (Joint
3  Stip. at 4-5.)  For the following reasons, the Court disagrees.

4  A.   Plaintiff Waived His Right to Claim He is Illiterate by not

5       Raising the Issue Before the Agency

6       The first time Plaintiff raised the issue of illiteracy was in
7  his brief to this Court.  He did not submit any documentation
8  supporting this claim at the Agency level and did not mention it in
9  his testimony at the administrative hearing before the ALJ.  (AR 195-
10  203.)  Nor did he raise it in his appeal to the Appeals Council.
11  Instead, in a letter-brief, counsel argued that the ALJ erred when he
12  failed to consider Plaintiff's testimony regarding the severity of
13  Plaintiff's medical symptoms.  (AR 191.)  As set forth below, because
14  Plaintiff failed to raise the issue before the Agency, it is waived.

15      A party to an agency proceeding must raise "at a time appropriate
16  under [the agency's] practice" all issues which it intends to contest
17  on appeal.  *See United States v. Tucker Truck Lines, Inc.*, 344 U.S.
18  33, 37 (1952).  The Supreme Court has counseled that "[a] reviewing
19  court usurps the agency's function when it sets aside the
20  administrative determination upon a ground not theretofore presented
21  . . . ."  *Unemployment Compensation Commission of Territory of Alaska*
22  *v. Aragon*, 329 U.S. 143, 155 (1946).  For this reason, a district
23  court will not consider a claim raised for the first time on appeal,
24  absent exceptional circumstances.  *Duncanson-Harrelson Co. v. Dir. of*
25  *Office of Worker's Comp. Programs*, 644 F.2d 827, 832 (9th Cir. 1981);
26  *see also Avol v. Sec'y of Health & Human Servs.*, 883 F.2d 659, 661
27  (9th Cir. 1998)(holding that an issue not raised in Agency proceedings
28  was waived when raised for the first time in district court); *Sanchez*

5

1  *v. Sec'y of Health & Human Servs.*, 812 F.2d 509, 511-12 (9th Cir.
2  1987)(holding that a claimant could not obtain reversal of the ALJ's
3  decision on the ground that the ALJ failed to consider a particular
4  impairment, even where the record before the ALJ contained some
5  evidence of it, where the impairment was not "significantly at issue"
6  at the hearing, and where the claimant offered no explanation for his
7  failure to press the particular claim of impairment at or before the
8  hearing).   In the context of SSI claims, the appropriate time for a
9  claimant to allege that a particular condition limits his ability to
10 work is, at the very latest, when he testifies at the hearing before
11 the ALJ.   *See* 20 C.F.R. § 404.1512 (requiring claimant to "*bring to
12 our attention* everything that shows that you are . . . disabled")
13 (emphasis added).

14      Plaintiff did not raise the issue of literacy before the Agency,
15 despite the fact that he was represented by counsel at all times.   His
16 failure to do so precludes review in the district court where, as
17 here, he has not provided any justification for not doing so.
18 *Sanchez,* 812 F.2d at 511-12.   For that reason, Plaintiff's claim
19 fails.

20 B.   The ALJ Had Sufficient Evidence to Determine That Plaintiff is
21      Literate

22      Even assuming arguendo that Plaintiff had timely raised his
23 illiteracy claim, there is substantial evidence in this record that
24 Plaintiff is literate.   For that reason, were the Court to reach the
25 issue, it would affirm the ALJ's finding that Plaintiff is literate.

26      There are four categories used in quantifying a claimant's
27 literacy level: illiteracy, marginal education, limited education, and
28

high school education and above.[2]  20 C.F.R. § 416.964 (b).  The
Agency bears the burden of establishing that a claimant is literate.
*Silveira v. Apfel*, 204 F.3d 1257, 1261 (9th Cir. 2000).  A claimant
who graduates from high school is presumed to be literate, unless
there is evidence in the record to call into question that
presumption.  *See* 20 C.F.R. § 416.964(b).  Though a grade level is not
dispositive on the issue, if there is no other evidence to contradict
it, the Agency will use the educational grade level to determine a
claimant's abilities.  20 C.F.R. § 416.964(b).

        The record is replete with evidence that Plaintiff was a high
school graduate, most notably Plaintiff's acknowledgment in testimony
at the hearing.  Thus, he is presumed to be literate and the ALJ was

---

[2]  The regulations define the education levels as follows:

(1)  Illiteracy.  Illiteracy means the inability to read or
write.  We consider someone illiterate if the person cannot
read or write a simple message such as instructions or
inventory lists even though the person can sign his or her
name.  *Generally, an illiterate person has had little or no
formal schooling.*
(2)  Marginal Education.  Marginal education means ability
in reasoning, arithmetic, and language skills which are
needed to do simple, unskilled types of jobs.  We generally
consider that formal schooling at a 6th grade level or less
is a marginal education.
(3)  Limited Education.  Limited education means ability in
reasoning, arithmetic, and language skills, but not enough
to allow a person with these educational qualifications to
do most of the more complex job duties needed in semi-
skilled or skilled jobs.  We generally consider that a 7th
grade through the 11th grade level or formal education is a
limited education.
(4)  High school education and above.  High school education
and above means abilities in reasoning, arithmetic, and
language skills acquired through formal schooling at a 12th
grade level or above.  We generally consider that someone
with these educational abilities can do semi-skilled through
skilled work.

20 C.F.R. § 416.964(b)(emphasis added).

7

1  justified in his reliance on that presumption.  Plaintiff claims that
2  the notations on his SSI applications that he could read only a
3  "little" and could not write, combined with the intake clerk's note
4  that Plaintiff was unable to read the form and required help to fill
5  it out, were enough to overcome this presumption.  The Court
6  disagrees.  These entries do not amount to substantial evidence that
7  he is illiterate.  In fact, they hardly amount to evidence at all.
8  They consist solely of Plaintiff's unsubstantiated, self-serving
9  statements that he cannot read or write buried in a 200-page record.
10 Even the notation by the intake clerk is dependent on Plaintiff's
11 self-reporting that he cannot read or write.  Balancing Plaintiff's
12 unsupported statements against his high school diploma, any reasonable
13 fact-finder would have arrived at the conclusion that Plaintiff is
14 literate.  Thus, as this record stands, the ALJ's finding that
15 Plaintiff is literate is supported by substantial evidence and will
16 not be disturbed.

17                                  V.

18                              CONCLUSION

19      For these reasons, the Court finds that the Agency's decision is
20 supported by substantial evidence and is free from material legal
21 error.  Therefore, the Court affirms the decision and enters summary
22 judgment in favor of the Agency and against Plaintiff.

23      IT IS SO ORDERED.

24      DATED:    July 27 , 2006.

25                                  /s/
                                    PATRICK J. WALSH
26                                  UNITED STATES MAGISTRATE JUDGE

27

28 S:\PJW\Cases-Soc Sec\PHILLIPS, D 2766\Memo Opinion.wpd